UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIS KEVIN BAIRD, JR.,

               Plaintiff,

                                                 Case No. 23-cv-1521-pp

   v.

INTEGRATED MERCHANDISING SOLUTIONS,
ALICIA GUTIERREZ, ADAM JORGENSEN,
PATRICK LOMBARD, CARLOS GAMA,
JOANA GALLEGOS and YASMIN PEREZ,

               Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 9)**

        On November 14, 2023, the plaintiff, who is representing himself, filed a complaint against Integrated Merchandising Solutions ("IMS") and several of its employees, alleging employment discrimination. Dkt. No. 1. IMS and two of the six individual employee defendants moved to dismiss with prejudice the counts against the individual employee defendants for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and to dismiss the remainder of the complaint with leave to amend for the plaintiff's failure to comply with Federal Rule of Civil Procedure 10(b) and Civil Local Rule 10(a) (E.D.Wis.) regarding the form of pleadings. Dkt. No. 9. The court will grant the defendants' motion, dismiss with prejudice the plaintiff's claims against the individual employee defendants and dismiss the plaintiff's claims against IMS but give him leave to amend.

1

### I. Background

#### A. The Complaint (Dkt. No. 1)

The plaintiff's hand-drafted complaint alleges that IMS and several of its employees subjected him to discrimination based on his race (African American), in violation of Title VII of the Civil Rights Act of 1964, 42. U.S.C. §2000e *et. seq.* Dkt. Nos. 1 at 2–3; 1-1 at ¶¶2–7. Aside from the paragraphs listing the parties to the case, the plaintiff's thirty-two-page complaint is presented in a narrative format without numbered paragraphs. See Dkt. No. 1-1.

IMS is a marketing company that creates customized merchandising for various companies. Dkt. No. 10 at 4. It operates a production warehouse in Kenosha, Wisconsin. Id. The plaintiff alleges that in April 2020, a temporary staffing agency assigned him to IMS to work as a general laborer. Dkt. No. 1-1 at 3. In the summer of 2020, he was promoted to forklift driver in the receiving department. Id. at 4. The plaintiff alleges that he was the "only African American working 40 hours a week there with 90% Hispanics and the rest Caucasian," and he didn't want to lose his job. Id. at 7.

The plaintiff alleges that in August 2020, defendant Alicia Gutierrez began working in the receiving office. Id. at 5. The plaintiff alleges that at this time, defendant Carlos Gama began working as an unloader in the receiving department. Id. The plaintiff claims that Gama is the "father of Alicia Gutierrez's youngest child." Id. at 5–6. The plaintiff says that after some staff turnover, Gutierrez began assigning work to him and Gama, but the plaintiff

was "never informed" that Gutierrez was his supervisor. Id. at 6–7. The plaintiff alleges that Gutierrez began showing "favoritism" to her "baby daddy," Gama. Id. The plaintiff claims that Gutierrez assigned more burdensome unloading work to him, even though Gama was available to work. Id. at 7. The plaintiff alleges that while he was working, Gama would "sit on his forklift and text with Alicia all day." Id. at 8. According to the plaintiff, the work assignments were "so one sided" that his prior supervisors "advised [him] to go complain to warehouse managers Adam Jorgensen and Patrick Lombard." Id. at 7.

The plaintiff spoke to defendant Adam Jorgensen about Gutierrez's "favoritism" and alleges that he learned that Gutierrez's behavior was not just due to favoritism towards Gama, but because Gutierrez was "blaming blacks for the rioting that was taking place in Kenosha" near her home. Id. at 8. The plaintiff states that the rioting was due to a Kenosha police officer's shooting of Jacob Blake, an African American man. Id. at 6.

After the plaintiff spoke with Jorgensen, he claims that "the retaliation began" from Gutierrez and Gama. Id. at 8. The plaintiff states that both defendants exhibited "very passive aggressive behavior" and attempted to "antagonize [him] to react in a way that would lead to [his] termination." Id. at 8–9. The plaintiff alleges that this took place between October 2020 and January 2021. Id. at 9. During this time, the plaintiff states that he continued to complain to Jorgensen about Gutierrez's and Gama's behavior. Id. Jorgensen allegedly told the plaintiff that he and defendant Patrick Lombard had discussed moving Gama to another department because other employees

3

had complained about Gutierrez's favoritism towards Gama. Id. The plaintiff also claims that Jorgensen told him that Gutierrez "views Black negatively" and Jorgensen had previously spoken to her and the other Hispanic receiving office employees about "treating every person equally regardless of race." Id.

The plaintiff states that this only made Gutierrez "retaliate more" against him. Id. According to the plaintiff, Gutierrez subjected his work to more scrutiny than Gama's and she began making announcements to employees only in Spanish, rather than in Spanish and English as she had done previously. Id. at 10. The plaintiff states that "everyone else" was a Spanish speaker other than him. Id. Gutierrez also allegedly reported negative things about the plaintiff to Jorgensen. Id. The plaintiff alleges that Gama created a "hostile work environment" by blocking the plaintiff's forklift and saying "negative things" about the plaintiff in Spanish to other employees. Id. at 9–10.

The plaintiff states that he overhead Gutierrez call a staffing agency and request that it only send bilingual workers to IMS, which the plaintiff alleges "eliminated Black people." Id. at 10. The plaintiff alleges that being bilingual was not necessary to perform the job; he was not bilingual and had worked there for eleven months. Id. at 10–11. New temporary workers arrived at IMS in February 2021; the plaintiff states they were all Hispanic, including a friend of Gama's. Id. at 11. The plaintiff alleges that one of his coworkers informed him that Gama had told this friend that the plaintiff was going to be fired and that Gama's friend would get the plaintiff's forklift position. Id. at 11–12.

4

The plaintiff alleges that the majority of IMS's temporary employees are undocumented workers. Id. at 12–13. According to the plaintiff, this is relevant because it shows that IMS is "willing to break the laws of the American Government," which he says supports his claim that IMS discriminated against him. Id. at 13. The plaintiff claims that his citizenship status was another reason Gutierrez discriminated against him. Id. at 14. According to the plaintiff, the undocumented workers would not complain about Gutierrez's favoritism, presumably out of fear of losing their jobs. Id.

The plaintiff states that on March 5, 2021, he was called into a meeting with individual defendants Lombard, Gutierrez, Gallegos, Perez and Jorgensen. Id. at 15. The plaintiff states that Perez, Gallegos and Gutierrez "berated" him about his "attitude and lies." Id. Jorgensen allegedly "degrade[d] [the plaintiff's] character" and stated that the plaintiff treated Perez differently than Gallegos and Gutierrez. Id. at 15–16. The plaintiff states he brought up Gutierrez's favoritism towards Gama, and that Gutierrez "stormed" out of the meeting and told Lombard that the plaintiff "has to go" or Gutierrez had to be transferred. Id. at 16. The plaintiff states that he tried to defend himself further, but that Lombard stopped him. Id. Lombard then told the others to leave the meeting and subsequently terminated the plaintiff. Id. at 17. The plaintiff attaches a "verification for background" sheet, in which he states under penalty of perjury that the fact section of his complaint is "true and correct." Id. at 18.

As he did with the rest of the complaint, the plaintiff presented the counts against each defendant in a narrative format. See id. at 19–31. As best

5

the court can determine, the plaintiff brings the following claims against each defendant: Count 1 alleges that Gutierrez discriminated against the plaintiff by treating him differently than Gama, a Hispanic employee, and that she was motivated to do so by anti-Black bias. Id. at 19–20. Count 2 alleges that Gutierrez retaliated against the plaintiff for his complaints about her, resulting in the plaintiff's termination. Id. at 21. The plaintiff identifies eight sub-claims, or examples, of retaliatory acts by Gutierrez that he also had detailed in the fact section of the complaint. Id. at 21–27. Gutierrez allegedly recruited Gama, Jorgensen, Perez and Gallegos to engage in retaliatory behavior toward the plaintiff. Id. at 21. The plaintiff states that Gutierrez also subjected the plaintiff's work to more scrutiny and started making work announcements only in Spanish, knowing he is not bilingual. Id. at 22–23. The plaintiff alleges that Gutierrez tried to get the plaintiff fired in order to hire Gama's Hispanic friend. Id. at 24–25. The plaintiff states that Gutierrez tried to get the staffing agency to rescind the plaintiff's placement at IMS and when that was unsuccessful, convinced Lombard to terminate the plaintiff. Id. at 25–27.

      The plaintiff's numbering system starts over again at Count 1 with each subsequent individual defendant. Count 1 against Lombard alleges that Lombard "racially discriminated" against the plaintiff by not giving the plaintiff the right to defend himself in the termination meeting. Id. at 27–28. Count 1 against Gama alleges that he retaliated against the plaintiff and created a hostile work environment after the plaintiff complained of Gutierrez's discriminatory behavior to Jorgensen. Id. at 28–29. Count 1 against Perez and

6

Count 1 against Gallegos allege that they retaliated against the plaintiff by supporting Gutierrez's own retaliatory behavior. Id. at 29–30. Count 1 against Jorgensen alleges that he discriminated against the plaintiff by "berat[ing]" the plaintiff in his termination meeting and accusing the plaintiff of not "taking any ownership" of the statements made against him in the meeting by Gutierrez, Perez and Gallegos. Id. at 30. Count 1 against IMS alleges that IMS discriminated against the plaintiff on the basis of his race because he was the only African American worker at IMS and that he "suffered discrimination, retaliation, harassment, intimidation and humiliation" at his termination. Id. at 31.

The plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission and received a Notice of Right to Sue letter from the agency on August 16, 2023. Id. at 33. The plaintiff also filed a complaint with the Wisconsin Department of Workforce Development, which resulted in a May 19, 2023 finding of probable cause by the agency. Id. at 38. The plaintiff filed this case on November 14, 2023, which is timely because he filed the suit within ninety days from the receipt of his Notice of Right to Sue letter.

  B. The Defendants' Motion to Dismiss (Dkt. No. 9)

Defendants IMS, Gutierrez and Jorgensen[1] filed a motion to dismiss the complaint on December 12, 2023. Dkt. No. 9. The defendants raise two

---

[1] Gutierrez and Jorgensen are the only defendants still employed by IMS. Dkt. No. 10 at 4 n.1. The other individual defendants have not appeared in the case. The court will use "defendants"—plural—to refer to the defendants who filed the motion to dismiss.

grounds for dismissal. First, they argue that the complaint does not comply with Fed. R. Civ. P. 10(b) and Civil L.R. 10(a), which they state require that the complaint be set forth "in numbered paragraphs, the numbers of each which shall be limited as far as practicable to a statement of a single set of circumstances." Dkt. No. 10 at 6 (quoting Fed. R. Civ. P. 10(b) and Civil L.R. 10(a)). The defendants argue that "it is impossible for Defendants to parse Baird's factual allegations and address each individually in their respective answers" due to the lack of numbered and discrete paragraphs. Id. at 7.

The defendants also argue that the plaintiff has alleged multiple claims under one cause of action in violation of Fed. R. Civ. P. 10(b). Id. at 8. For example, the defendants point to the claim against IMS, which states that IMS discriminated against the plaintiff as well as retaliated against him, harassed him, intimidated him and humiliated him. Id. (quoting Dkt. No. 1-1 at 31)). According to the defendants, this leaves the defendants unable to assess whether they can move to dismiss particular claims on a substantive basis. Id. The defendants ask the court to dismiss the complaint without prejudice and give the plaintiff leave to amend so that the plaintiff may comply with the federal and local rules. Id. at 8.

Second, the defendants argue that court should dismiss the claims against the individual defendants under Fed. R. Civ. P. 12(b)(6) because Title VII does not authorize suits against individuals. Id. at 9 (citing Passanati v. Cook County, 689 F.3d 655, 677 (7th Cir. 2012)). The defendants ask the court

8

to dismiss the claims against the individual defendants with prejudice. Id. at 10.

The plaintiff opposes the motion. Dkt. No. 14. He argues that he filed a substantially similar complaint with the Wisconsin Department of Workforce Development and the defendants were able to oppose that complaint in the administrative proceedings. Id. at ¶¶3–4. The plaintiff asserts that his complaint "has each count numbered and each individual defendant named stating the civil rights violation they subjected plaintiff to." Id. at ¶8. He emphasizes that because he is representing himself, he "should not be denied access to the court" because his complaint is "not good enough for defense attorney." Id. at ¶7.

The defendants reply that the plaintiff is subject to the federal and local rules even though he is representing himself. Dkt. No. 16 at 5. The defendants point to the ten other federal lawsuits the plaintiff had filed in this district and others, as well as his two appeals to the Seventh Circuit, which they argue demonstrate that the plaintiff is aware of and able to comply with the federal and local rules. Id. at 5–6. The defendants also identify a prior case the plaintiff filed alleging similar race discrimination claims against an employer and ten of its employees. Id. at 6 (citing Baird v. Iris, Inc. USA, Case No. 18-cv-894 (E.D. Wis. Nov. 14, 2023)). In that case, this court dismissed all the individual defendants on the grounds that there is no individual liability under Title VII. Id. (citing Baird, Case No. 18-cv-894, at Dkt. No. 4). The defendants argue that

9

the prior case shows that the plaintiff knew or should have known that his claims against the individual defendants in this case are baseless. Id.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) and this district's Civil L.R. 10(a) require a party to state his claims or defenses in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." The primary purpose of these rules "is to give defendants fair notice of the claims against them and the grounds supporting the claims." Stanard v. Nygren, 658 F.3d 792, 797 (7th Cir. 2011). "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." Id. at 798 (affirming denial of leave to file a second amended complaint where the proposed amended complaint did not comply with Rules 8 and 10); see also Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 649 n.5 (7th Cir. 1997) ("[A] district court may dismiss a complaint for failure to comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'").

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint that fails to state a claim upon which relief can be granted. "A Rule 12(b)(6) motion tests 'the legal sufficiency of the complaint.'" Gunn v. Cont'l

10

Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015)). A plaintiff must include "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008) (quoting Lang v. TCF Nat'l Bank, 249 F. Appx. 464, 466 (7th Cir. 2007)). On a Rule 12(b)(6) motion, "courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Silha v. ACT, Inc., 807 F.3d 169, 173 (7th Cir. 2015) (quotation omitted).

### III. Analysis

The complaint is deficient in two ways. First, the plaintiff cannot proceed on his claims against individual employees because there is no individual liability under Title VII. Second, the complaint as to IMS does not comply with the federal and local rules.

### A. Claims Against the Individual Employee Defendants

"Title VII authorizes suit only against the employer. Individual people who are agents of the employer cannot be sued as employers under Title VII." Passananti, 689 F.3d at 662 n.4; Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995) (holding that "a supervisor does not, in his individual capacity, fall within Title VII's definition of employer"). The plaintiff knows this. In his last case before this court, he brought Title VII claims against individual employees of his former employer. Baird, Case No. 18-cv-894, Dkt. No. 1. In the screening

11

order in that case, the court dismissed all the named individual defendants because "individual defendants are not considered "employers" for purposes of Title VII." Id., Dkt. No. 4 at 5 (citing Williams, 72 F.3d at 553). Because they cannot be held liable under Title VII, the plaintiff has failed to state a claim against the individual employees upon which relief can be granted. The court will grant the defendants' motion to dismiss the individual employees with prejudice.

B.   Form of the Complaint

The remainder of the plaintiff's complaint violates Fed. R. Civ. P. 8 and 10 as well as Civil L.R. 10.

Rule 8 is titled "General Rules of Pleadings." Rule 8(a)(2) says that a pleading that states a claim for relief—such as a plaintiff's complaint—must contain "a sort and plain statement of the claim showing that the pleader is entitled to relief." The "claims" section of the complaint is twelve pages long; it is not "short and plain," as required by Fed. R. Civ. P. 8(a)(2). While the plaintiff separates his claims into sections for each defendant, and starts with Count 1 as to each defendant, the paragraphs in each defendant's section cover multiple factual occurrences and, in some instances, multiple causes of action. See Dkt. No. 1-1 at 19–31. For example, Count 1 against IMS claims that the plaintiff suffered "discrimination, retaliation, harassment, intimidation and humiliation." Id. at 31. The legal causes of action for discrimination, retaliation and harassment are different, and the elements required to prove them are different. The court cannot determine—and apparently IMS cannot determine—

12

whether the plaintiff intends to allege each of these causes of action against IMS and if so, which facts support which causes of action. That means that the defendants do not have fair notice of the claims against them. Stanard, 658 F.3d at 799 ("To form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him."). Rule 8(b)(1)(B) requires the defendant to admit or deny each of the allegations in the complaint; if the claims are not clearly identifiable, it is impossible for the defendant to do so.

Federal Rule of Civil Procedure 10 is titled "Form of Pleadings." Rule 10(b) requires a party to state his claims or defenses "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This court's Civil L.R. 10(a) is even more specific; it says that a party, "*including a party proceeding pro se*, must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." (Emphasis added). The fifteen-page "background" section of the plaintiff's complaint is written in narrative form; it contains a single, non-numbered paragraph. See Dkt. No. 1-1 at 3–17. This section covers factual events that occurred over the course of a year. Id. The plaintiff did not separate these factual events into numbered paragraphs or limit each numbered paragraph to a single set of circumstances, as required by Fed. R. Civ. P. 10(b) and Civil L.R. 10(a). Without concise, numbered paragraphs, it would be difficult, if not impossible, for the

defendants to respond to the plaintiff's factual assertions by admitting them or denying them.

The complaint does not meet the requirements of Rule 8(a)(2) or Rule 10(b). Davis v. Anderson, 718 F. App'x 420, 423 (7th Cir. 2017) (paragraphs that spanned multiple pages and contained multiple unrelated topics violated Rules 8 and 10).

The plaintiff is incorrect that because he is representing himself, he is not required to comply with these rules. "Although district courts should construe pro se complaints liberally, pro se litigants are not excused from compliance with procedural rules, including local rules." Brooks v. Complete Warehouse & Distribution LLC, 708 F. App'x 282, 285 (7th Cir. 2017) (affirming dismissal of third amended complaint for failure to comply with Federal Rules 8 and 10 and Civil L.R. 10). And as the defendants point out, this is not the plaintiff's first complaint. Dkt. No. 16 at 5–6 (citing the plaintiff's prior cases). In the last case the plaintiff filed in this court, he filed a similarly disorganized complaint; that defendant moved for a more definite statement under Fed. R. Civ. P. 12(e), arguing that the complaint did not comply with Rules 8 and 10. Baird, Case No. 18-cv-894, Dkt. No. 9 at 4–5. Following that case, the plaintiff was on notice of those rules and should have followed them when drafting the complaint in this case.

The court will grant the defendant's motion to dismiss the claim against IMS but will give the plaintiff the opportunity to file an amended complaint against IMS only that complies with Rules 8 and 10. If the plaintiff decides to

14

file an amended complaint, he must use numbered paragraphs, each relating to a single set of circumstances. For example:

1. In April 2020, the plaintiff started working at Integrated Merchandising Solutions through a temporary staffing agency as a general laborer.
2. In the summer of 2020, the plaintiff was promoted to working as a forklift driver.
3. Around August 2020, Alicia Gutierrez started working in the receiving office.
4. Around the same time, an unloader named Carlos Gama started working at IMS.
5. The plaintiff learned that Gama was the father of Alicia Gutierrez's youngest child.

Alleging the facts in this fashion will allow defendant IMS to respond to each factual allegation, as it is required to do under the rules. When the plaintiff gets to the portion of his complaint where he states the causes of action he wishes to bring against IMS, he must create a heading for each cause of action. For example: **Count 1: Discrimination Based On Race**

Under that heading, in numbered paragraphs (continuing from the numbers he used to number his factual allegations), the plaintiff must explain what IMS did that make him believe that IMS discriminated against him based on his race. He must created a separate heading for retaliation, or harassment, or whatever other causes of action he wishes to allege, and must provide numbered paragraphs under each heading explaining what he believes IMS did that demonstrates that cause of action.

If the plaintiff files an amended complaint by the deadline the court sets below, defendant IMS must timely answer or otherwise respond. If the plaintiff does not file an amended complaint by the deadline the court sets below, the

15

court will dismiss the case for lack of diligence under Civil L.R. 41(c) and for failure to follow the rules and this order.

### IV. Conclusion

The court **GRANTS** the defendants' motion to dismiss. Dkt. No. 9.

The court **ORDERS** that individual defendants Alicia Gutierrez, Adam Jorgensen, Patrick Lombard, Carlos Gama, Joana Gallegos and Yasmin Perez are **DISMISSED WITH PREJUDICE**.

The court **ORDERS** that the complaint as to defendant IMS is **DISMISSED WITHOUT PREJUDICE**.

The court **ORDERS** that the plaintiff may file an amended complaint against defendant IMS that complies with Federal Rules of Civil Procedure 8 and 10 and Civil Local Rule 10. If the plaintiff chooses to file an amended complaint against IMS, he must file it in time for the court to *receive it* by the end of the day on **October 18, 2024**. If the court does not receive an amended complaint by the end of the day on October 18, 2024, the court will dismiss the case without further notice or hearing.

Dated in Milwaukee, Wisconsin this 13th day of September, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

16

Case 2:23-cv-01521-PP    Filed 09/13/24    Page 16 of 16    Document 17